Sean J. O'Hara (#024749)
KERCSMAR FELTUS & COLLINS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
sjo@kfcfirm.com
[additional lead counsel listed on the following page]
Attorneys for Plaintiffs Hugo Jamie, Randall Gohn, and Robert Davis Jr. and the putative class

# IN THE UNITED STATES DISTRICT COURT

# FOR THE STATE OF ARIZONA

| | |
|---|---|
| Hugo Jaime, Randall Gohn, and Robert Davis Jr., for themselves and all others similarly situated, | Case No. 2:21-cv-00015-SPL |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY LITIGATION** |
| vs. | |
| Parts Authority, LLC, Parts Authority, Inc., Yaron Rosenthal, Northeast Logistics, Inc. d/b/a Diligent Delivery Systems, Arizona Logistics, Inc. d/b/a Diligent Delivery Systems, BBB Logistics, Inc. d/b/a Diligent Delivery Systems, Michigan Logistics, Inc. d/b/a Diligent Delivery Systems, Larry Browne, Does 1-20 d/b/a Diligent Delivery Systems, and Does 21-40, | |
| Defendants. | |

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Jeremiah Frei-Pearson (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900
White Plains, New York 10601
Telephone: (914) 298-3281
Facsimile: (914) 824-1561
jfrei-pearson@fbfglaw.com
bsilverman@fbfglaw.com

Mark Potashnick (admitted *pro hac vice*)
WEINHAUS & POTASHNICK
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150 ext. 2
Facsimile: (314) 984-810
markp@wp-attorneys.com
Attorneys for Plaintiffs Hugo Jamie, Randall Gohn, and Robert Davis Jr. and the putative class

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Keresmar & Feltus PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Plaintiffs respectfully submit this memorandum in opposition to Defendants' motion to stay this action pending determination of their motions to dismiss and transfer. Any stay would unduly prejudice Plaintiffs and the putative collective they seek to represent under the Fair Labor Standards Act ("FLSA"). Unlike class claims under Rule 23 that relate back to the filing of the initial complaint, the statute of limitations on claims under the FLSA (subject to any equitable tolling) continues to run for claims of individual collective members until those members formally opt in. *See* 29 U.S.C. § 256. Most collective members will not know to opt in until they receive notice following the conditional certification of a collective. If a stay is imposed, then, absent tolling, the statute of limitations on claims of putative collective members will continue to run. At the same time, as alleged by Plaintiffs (and by the Department of Labor[1]), Defendants will continue to engage in the systematic under-payment of minimum wage workers. This is why Plaintiffs immediately brought a motion for the conditional certification of a collective under the FLSA after the initiation of this action. Indeed, Defendants acknowledge that their stay motion is specifically designed to delay the conditional certification motion. *See* Dkt. No. 16 at 3. For these reasons, the grant of a stay would be inequitable and the motion should be denied.

Alternatively, should the Court grant the stay, Plaintiffs respectfully request that the Court equitably toll the statute of limitations of the putative collective members.

## **PROCEDURAL HISTORY**

Plaintiffs filed their class and collective complaint on January 5, 2021, alleging that Defendants systematically violate the FLSA and state wage and hour laws by misclassifying delivery drivers as independent contractors, failing to pay overtime, and paying net wages that are far below the minimum. Dkt. No. 1. On January 20, 2021, Plaintiffs filed a motion to conditional certify a collective under the FLSA. Dkt. No. 9.

---

[1] The Department of Labor has made substantially similar allegations in the related action entitled, *Scalia v. Arizona Logistics Incorporated, et al.*, Case No. 2:16-cv-04499-DLR (D. Ariz.).

1

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Defendants requested an extension of their time to respond to the complaint and the motion, to which Plaintiffs consented. On January 29, 2021, the parties submitted a stipulation extending Defendants' time to respond to the complaint and to the conditional certification motion to March 3, 2021. Dkt. No. 12. On February 2, 2021 the Court granted the stipulated request. Dkt. No. 13.

On February 26, 2021, Defendants filed a motion to dismiss the action and transfer the action to another venue. Dkt. No. 15. That same day, Defendants filed a motion to stay the action pending determination of the motion to dismiss and transfer. Dkt. No. 16. Significantly, Defendants never responded to the motion for conditional certification of a FLSA collective and their time to do so has expired.

## ARGUMENT

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Knapper v. Cox Commun., Inc.*, CV-17-00913-PHX-SPL, 2019 WL 250430, at *4 (D. Ariz. Jan. 17, 2019) (Logan, J. ) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (denying stay). "Deciding whether to grant a stay pending the outcome of other proceedings 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id*. (quoting *Landis*, 299 U.S. at 254-55). "The party seeking a stay must 'make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else.'" *Id*. (quoting *Landis*, 299 U.S. at 255). "In considering whether to grant a stay, a court will weigh the following factors: '[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Id*. (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

### I.      The Stay Motion Should Be Denied.

Plaintiffs and the putative collective members will be prejudiced if a stay is granted. Under 29 U.S.C. § 256, the statute of limitations on the claim of an individual collective member will continue to run until he or she formally opts in. Collective members are unlikely to know to opt in until they receive notice following the conditional certification of a collective. For this reason, any delay in the conditional certification of a collective will cause the statute of limitations of collective members' claims to continue to run.  Accordingly, a stay would be unduly prejudicial to Plaintiffs and putative collective members.

Courts within the Ninth Circuit have repeatedly denied stays of FLSA actions for this very reason.  *See, e.g., Moore v. Universal Protec. Serv., LP*, 2020 WL 2518030, at *4 (C.D. Cal. May 15, 2020) ("[B]ecause the statute of limitations will continue to run for any potential Collective Action Member who does not opt in,  any delay would prejudice Plaintiffs") (internal citation omitted); *Solis v. Am. Airlines, Inc.*, 2020 WL 5027997, at *4 (C.D. Cal. June 17, 2020) (denying stay, finding that "other courts have held that plaintiffs bringing FLSA actions may face prejudice from the granting of a stay") (citing cases); *Pataky v. Brigantine*, Inc., 259 F. Supp. 3d 1075, 1087 (S.D. Cal. 2017) ("Plaintiffs have shown that they will face damage from the granting of a stay. Specifically, Plaintiffs assert that a stay . . . would prejudice Plaintiffs by delaying the opt-in, notice and consent, and conditional class certification procedures for the instant putative FLSA class action.").

Additionally, as the Court noted in *RES-AZ One, LLC v. McAdams*, CV-16-02392-PHX-SPL, 2017 WL 6001511 (D. Ariz. Jan. 30, 2017), a stay pending determination of a motion to dismiss may be inappropriate where "the Court would be inclined to provide Plaintiff an opportunity to amend." *RES-AZ One*, 2017 WL 6001511, at *1 (Logan, J.) (denying stay).  Further, even if the claims against one of the Defendants is ultimately dismissed with prejudice or transferred, there is still a likelihood that such a defendant would still be subject to third-party discovery. This further weighs against a stay. *Id*. Moreover, if the claims against one or more Defendants are merely transferred,

Defendants will still have to defend against the same claims. The fact that such defense continues prior to a transfer is no actual harm.

Finally, Defendants failed to oppose the conditional certification motion within the extended time permitted by the Court. They should not be heard to request a stay of a motion they never opposed.

### II. In The Alternative, The Statute of Limitations Should Be Equitably Tolled.

Should the Court grant the stay, the statute of limitations for the FLSA claims of the putative collective members should be equitably tolled. This will limit the prejudice suffered by Plaintiffs and the putative collective. Indeed, within the Ninth Circuit, courts have equitably tolled the statute of limitations on FLSA claims to ameliorate this precise type of harm. *See, e.g., Hughes v. S.A.W. Ent., Ltd*., 2019 WL 3979592, at *4 (N.D. Cal. Aug. 23, 2019) (tolling statute of limitations during stay); *Cilluffo v. C. Refrigerated Services, Inc*., 2012 WL 8523474, at *3 (C.D. Cal. Nov. 8, 2012) ("the Court equitably tolls the statute of limitations until the stay is lifted"); *Lew v. Countrywide Fin. Corp*., C-08-1993-SC, 2009 WL 1384975, at *3 (N.D. Cal. Feb. 24, 2009) (tolling statute of limitations during stay); *Castle v. Wells Fargo Fin., Inc*., 2007 WL 1105118, at *2 (N.D. Cal. Apr. 10, 2007) ("Here, the statute of limitations should be equitably tolled to eliminate any prejudice suffered by collective class members as a result of the stay of this litigation.").

### CONCLUSION

For all the aforementioned reasons, Plaintiffs respectfully request that the motion to stay be denied. In the alternative, Plaintiffs respectfully request that the statute of limitations on the claims of putative collective members be equitably tolled.

Dated: March 29, 2021

*Sean J. O'Hara*
Sean J. O'Hara (#024749)
KERCSMAR FELTUS & COLLINS PLLC
7150 East Camelback Road, Suite 285

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

Scottsdale, Arizona 85251
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
sjo@kfcfirm.com

Jeremiah Frei-Pearson (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900
White Plains, New York 10601
Telephone: (914) 298-3281
Facsimile: (914) 824-1561
jfrei-pearson@fbfglaw.com
bsilverman@fbfglaw.com

Mark Potashnick (admitted *pro hac vice*)
WEINHAUS & POTASHNICK
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150 ext. 2
Facsimile: (314) 984-810
markp@wp-attorneys.com
Attorneys for Plaintiffs Hugo Jamie, Randall Gohn, and Robert Davis Jr. and the putative class

Kercsmar Feltus & Collins PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
(480) 421-1001

5