ERICA K. ROCUSH, SB #021297
Erica.Rocush@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Northeast Logistics, Inc.,*
*Arizona Logistics, Inc., BBB Logistics, Inc.,*
*And Michigan Logistics, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA, PHOENIX

| | |
|---|---|
| Hugo Jaime, Randall Gohn, and Robert Davis Jr., for themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Parts Authority, LLC; Parts Authority, Inc.; Yaron Rosenthal; Northeast Logistics, Inc. d/b/a Diligent Delivery Systems, Arizona Logistics, Inc. d/b/a Diligent Delivery Systems; BBB Logistics, Inc. d/b/a Diligent Delivery Systems; Michigan Logistics, Inc. d/b/a Diligent Delivery Systems; Larry Browne; Does 1-20 d/b/a Diligent Delivery Systems, and Does 21-40,<br><br>        Defendant. | Case No. 2:21-cv-00015-PHX-SPL<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT** |

   All Defendants submit this Opposition to Plaintiffs' Motion for Leave to Amend Their Complaint.  (Doc. Entry ("Doc.") #29)

   By Motion to Dismiss or Transfer dated February 26, 2021 ("Motion to Dismiss"), all Defendants moved (i) pursuant to Federal Rule Civil Procedure 12(b)(3) to dismiss the complaint for improper venue; (ii) pursuant to 28 U.S.C. § 1404(a) to transfer the action, in whole or in part, to the United States District Court for the Southern District of Texas or the Southern District of New York; and (iii) pursuant to Federal Rule Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim on which relief can be granted.

4814-7233-3540.1

Defendants Northeast Logistics, Inc. ("NEL"), Michigan Logistics Inc. ("MLI") and BBB Logistics, Inc. ("BBB") also moved, pursuant to Federal Rule Civil Procedure 12(b)(2), to dismiss the complaint for lack of personal jurisdiction.  Individual Defendants Larry Browne and Yaron Rosenthal also moved to dismiss for lack of personal jurisdiction.  Plaintiffs' did not file opposition to the Motion to Dismiss.  Instead, on March 18, Plaintiffs filed a Motion for Extension of Time for Plaintiff to File an Amended Complaint as a Matter of Course and to Hold that Pending Motions to Dismiss and Transfer are Moot.  (Doc. # 24)   By Order dated March 26, 2021, the Court denied in full Plaintiffs' motions.  (Doc. # 27)    Plaintiffs still have not opposed the Motions to Dismiss but instead seek leave to amend the complaint. (Doc. # 29 ("Pl. Mot."))

Leave to amend a complaint is freely given where justice so requires.  Fed. R. Civ. Pro. 15(a)(2).   Plaintiffs claim that "justice so requires" the amendment of their complaint, (Pl. Mot. at 4) but they offer no compelling reason why.  Plaintiffs simply assert that "if new named plaintiffs are not added to the complaint, the FLSA claim may be dismissed and the rights of putative FLSA collective members could be prejudiced" (*id.*).  This is nonsense. Any putative FLSA collective member wishing to do so can opt into this Action or opt into the action in New York, or commence their own action, or file a complaint with the department of labor.  In fact, of the five "plaintiffs" that Plaintiffs' Counsel seeks to add to this case through their proposed amendment, only one—Maurice Headd—is asserting an FLSA claim, and that plaintiff claims to have lived and worked in Georgia.   Declining to amend the complaint to substitute a Georgia resident as the sole FLSA plaintiff in an Arizona litigation is not contrary to the FLSA's remedial purpose.

Furthermore, leave to amend is properly denied if the amendment would be futile. *Carrico v. City & Cnty. of San Francisco,* 656 F.3d 1002, 1008 (9th Cir. 2011).  A proposed amendment is futile if it cannot withstand a motion to dismiss.  Plaintiffs' proposed amendment does not cure any of the defects of the initial complaint, which defects underlie Defendants' Motion to Dismiss.  For that reason, the amendment should be denied as futile

4814-7233-3540.1

and Defendants Motions to Dismiss granted.[1] *See Pondexter v. Murrieta*, 2021 WL 199239 *2 (D. Az. Jan. 20, 2012)(denying plaintiff's motion to amend the complaint and granting defendant's motion to dismiss because "the amended complaint does not resolve the original complaint's fatal flaws.").

A. **Prior Action Pending**. "There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Horner v. Youghiogheny Comm., LLC*, 2006 WL 1328803 at *5 (D. Az. May 17, 2006). Defendants moved to dismiss the Plaintiffs' complaint because the New York-based class/collective action Plaintiffs' counsel commenced in 2019, *Henao* et al. *v. Parts Authority, LLC,* at al., 19-cv-10720 (S.D.N.Y.), raises the same claims against the same Defendants. Plaintiffs' proposed amended complaint does not modify the issues or the defendants. Thus, the amendment does not cure the original complaint's fatal flaw.

B. **Improper Venue**. Defendants also moved to dismiss the Plaintiffs' Complaint because Arizona is not a proper venue. Not all defendants reside in Arizona nor did a substantial part of the events giving rise to the claim occur here. Plaintiffs' proposed amended complaint does not allege any new facts that change the venue analysis in any way. The amended complaint does include five new plaintiffs, but of those Maurice Headd is a resident of Georgia (Am. Cplt. ¶ 27) and Tyrone Young is a resident of New York (Am. Cplt. ¶ 31). Proposed plaintiffs Bryan Bluder, Cynthia Cyprian and Kelly White are allegedly Arizona residents (Am. Cplt. ¶¶ 28, 29, 31), but as with Gohn, the "omission" giving rise to their claim – *i.e.*, alleged improper computation of wages – occurred in Texas, not in Arizona.[2] Thus, the addition of three plaintiffs asserting the same Arizona state law

[1] If "counsel does not serve and file the required answering memoranda…such non-compliance may be deemed a consent to the…granting of the motion and the Court may dispose of the motion summarily." L. R. Civ. 7.2(i). *See, e.g., World Nutrition Inc. v. Advanced Enzymes USA*, 2021 WL 632684 *4 (D. Az. Feb. 18, 2021).

[2] According to ALI records, White was an ALI owner operator delivering Parts Authority (footnote continued)

claim that Gohn already asserts on a class basis, does not make Arizona a venue where a *substantial part* of the events giving rise to the claims asserted in this putative multistate class action occurred.   In any event, neither White, Bluer or Cyprian asserts an FLSA claim and their addition does nothing to make Arizona a proper venue for FLSA claims that are not and cannot be asserted by Arizona-based "employees."

**C.  Improper Shot Gun Pleading.**  Defendants moved to dismiss the complaint as an improper shot gun pleading because Plaintiffs made the conclusory allegations that multiple defendants constitute "joint employers" but failed to factually identify which defendant allegedly did what to whom.  The proposed amended complaint repeats the same allegations and does nothing to provide any clarification of the allegations.  In fact, the amended pleading further muddies the water by alleging that "Diligent Delivery Services entities routinely sent personnel into Arizona to supervise Arizona Logistics, Inc." (Am. Cplt. ⁋ 44) without offering any factual specificity as to what entity sent what personnel to Arizona or how or what such personnel supposedly "supervised."   Plaintiffs conclusory assertions are not sufficient to state a viable claim against any particular defendant.

**D.  Lack of Personal Jurisdiction.**   Defendants NEL, MLI and BBB moved to dismiss for lack of personal jurisdiction because those companies do not do business in Arizona.  While presumably the conclusory allegation that unspecified "Diligent Delivery Services entities routinely sent personnel into Arizona" was intended to create the impression of some presence in Arizona, it would be unreasonable to draw such an implication.  Moreover, and in any event, the proposed amended complaint contains no facts suggesting that the wage claims asserted by out-of-state plaintiffs arose from the alleged presence of NEL, MLI and BBB personnel in Arizona.   Similarly, neither individual Defendant Brown or Rosenthal, resides in Arizona or has sufficient ties to Arizona to support personal jurisdiction.   Again, no new jurisdictional allegations have been added to the

products for two months and Bluder was an ALI owner operator for four months.  ALI has no record of Cynthia Cyprian having been an owner operator.

proposed amended complaint to supplement the initial allegations forming the basis of the motions to dismiss.   Therefore, the additional allegation in the amended complaint does not cure the original complaint's fatal flaw.

In sum, for the reasons set forth above, Plaintiffs' Motion to Amend the Complaint should be denied and Defendants' Motion to Dismiss or Transfer in Whole or In Part should be granted.

RESPECTFULLY SUBMITTED this 12th day of April, 2021.

**LEWIS BRISBOIS, BISGAARD & SMITH, LLP**

By  /s/ *Erica K. Rocush*
Erica K. Rocush
*Attorneys for Northeast Logistics, Inc.,
Arizona Logistics, Inc., BBB Logistics, Inc.,
and Michigan Logistics, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on April 12, 2021 I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF participants:

Sean J. O'Hara
KERCSMAR FELTUS & COLLINS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
sjo@kflawaz.com
        and
Jeremiah Frei-Pearson (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900 White Plains, New York 10601
jfrei-pearson@fbfglaw.com
bsilverman@fbfglaw.com
        and
Mark Potashnick (admitted *pro hac vice*)
WEINHAUS & POTASHNICK
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
markp@wp-attorneys.com
*Attorneys for Plaintiffs*

Christopher M. Mason
JENNINGS, STROUSS & SALMON, P.L.C.
One East Washington Street, Suite 1900
Phoenix, Arizona 85004
cmason@jsslaw.com
*Attorneys for Defendant Larry Browne*

Michelle R. Matheson
MATHESON & MATHESON, P.L.C.
15300 North 90th St., Suite 550
Scottsdale, Arizona 85260
mmatheson@mathesonlegal.com
reception@mathesonlegal.com
*Attorneys for Defendants Parts Authority, LLC,
Parts Authority, Inc., and Yaron Rosenthal*

 /s/ Jodie Mize
44194-03

4814-7233-3540.1                               6