IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hugo Jaime, et al., | No. CV-21-00015-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Parts Authority LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Leave to Amend Their Complaint. (Doc. 29) The Motion is ripe for review. (Docs. 31, 32) Also before the Court is Defendants' Motion to Strike Plaintiffs' Reply in Further Support of Their Motion for Leave to Amend Their Complaint / Request to File Sur-Reply in Support of Motion to Dismiss or Transfer. (Doc. 33) Plaintiffs filed a Response to the Motion to Strike, and the time to reply has passed. (Docs. 34) The Court will also now address the Motion to Conditionally Certify Collective Action, Order Disclosure of Putative Members' Names and Contact Information, and to Facilitate Class Notice (Doc. 9), and the Motion to Stay Litigation Pending Resolution of Motion to Dismiss. (Doc. 16)

## I. PROCEDURAL BACKGROUND

Plaintiffs filed their Class Action Complaint on January 5, 2021. (Doc. 1) The Complaint sets forth claims for (1) violation of the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages, (2) violation of the FLSA's minimum wage requirement, (3) violation of the Arizona Employment Practices and Working Conditions Law

("AEPWCL") for failure to pay the Arizona minimum wage, (4) violation of the New Jersey Wage and Hour Law ("NJWHL") for failure to pay overtime wages, (5) violation of the NJWHL for failure to pay the New Jersey minimum wage, (6) violation of the New York Labor Law ("NYLL") for failure to pay overtime wages, (7) violation of the NYLL for failure to pay the New York minimum wage, (8) violation of the NYLL for failure to provide wage statements, (9) violation of materially identical state overtime laws, (10) violation of materially identical state minimum wage laws by failure to pay minimum wage after deducting unreimbursed vehicle expenses, and (11) a request for declaratory judgment. (Doc. 1 at 42–59)

On January 20, 2021 Plaintiffs filed a Motion to Conditionally Certify Collective Action, Order Disclosure of Putative Members' Names and Contact Information, and to Facilitate Class Notice. (Doc. 9) During February and March of 2021 Defendants filed various Motions to Dismiss. (Docs. 15, 17, 19) All Defendants move to dismiss under Fed. R. Civ. P. ("Rule") 12(b)(3) for improper venue and 12(b)(6) for failure to state a claim. (Doc. 15 at 1) Defendants Northeast Logistics, Inc., Michigan Logistics, Inc., BBB Logistics, Inc., Yaron Rosenthal, and Larry Browne move to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. (Docs. 15 at 1, 17 at 1, 19 at 1) All Defendants also move to transfer pursuant to 28 U.S.C. § 1404(a). (Doc. 15 at 1) On February 26, 2021, Defendants filed a Motion to Stay Litigation Pending Resolution of Motion to Dismiss. (Doc. 16) Defendants did not respond to the Motion to Certify. Plaintiffs did not respond to the Motions to Dismiss.

Also in February 2021, Hugo Jaime, the only named plaintiff asserting an FLSA claim, accepted a settlement offer from Defendants. (Doc. 29 at 3–4) Plaintiffs want to preserve the FLSA claim by adding new plaintiffs in their Amended Class Action Complaint. (Doc. 29 at 6) Defendants oppose the Motion to Amend, arguing that Plaintiffs' reasoning for amending is not compelling. (Doc. 31 at 2) Defendants also assert the Amended Class Action Complaint does not cure the defects of the initial complaint. (Doc. 31 at 2)

## II. LEGAL STANDARD AND DISCUSSION

Rule 15(a)(2) allows a court to freely give leave to amend when "justice so requires." Here, Plaintiffs seek leave to amend their Complaint to preserve the asserted Fair Labor Standards Act ("FLSA") claim. (Doc. 29 at 6) Plaintiffs attached the redline Amended Class Action Complaint to the Motion, as required by LR Civ. 15.1(a). (Doc. 29-2) They have added five new plaintiffs. (Doc. 29-2 at 1) One of the new plaintiffs asserts an FLSA claim. (Doc. 29-2 at 3–4) Plaintiffs also added more jurisdictional information about certain defendants. (Doc. 29-2 at 12,15) Plaintiff Jaime is still included in the Amended Class Action Complaint because at the time of filing, his settlement agreement had not been finalized. (Doc. 29 at 3–4)

Under the Court's Preliminary Order, parties "shall endeavor not to oppose motions to amend… filed prior to any Rule 16 Case Management Conference…." (Doc. 5 at 3) The Case Management Conference has not yet occurred in this case. Defendants filed a Response opposing the Motion to Amend because they believe Plaintiffs' Amended Class Action Complaint does not cure the defects of the original. (Doc. 31 at 2) Defendants dedicate a great deal of their Response in Opposition to arguing the merits of their motions to dismiss. (Doc. 31 at 3–5) Plaintiffs' Reply attempts to address those arguments. (Doc. 32 at 3–7) However, the Court will not make a determination on the Motions to Dismiss and their effects on the amended Class Action Complaint until the Motions to Dismiss are fully briefed. Therefore, the Court will allow the amendment under the liberal standard of Rule 15(a)(2) and rule on the Motions to Dismiss in due course.

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Strike Plaintiffs' Reply in Further Support of Their Motion for Leave to Amend Their Complaint / Request to File Sur-Reply in Support of Motion to Dismiss or Transfer (Doc. 33) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Amend Their Complaint (Doc. 29) is **granted.** Plaintiffs shall file a clean copy of the Second Amended Complaint by **5 p.m. on Monday, May 3, 2021.**

**IT IS FURTHER ORDERED** that Plaintiffs shall file responses to the pending Motions to Dismiss (Docs. 15, 17, 19) no later than **June 1, 2021**.

**IT IS FURTHER ORDERED** that the Motion to Conditionally Certify Collective Action, Order Disclosure of Putative Members' Names and Contact Information, and to Facilitate Class Notice (Doc. 9) is **denied without prejudice**. Plaintiffs may refile the Motion to Certify with any changes due to the Amended Class Action Complaint no later than **seven (7) days** following the Court's ruling on the pending Motions to Dismiss.

**IT IS FURTHER ORDERED** that the Motion to Stay Litigation Pending Resolution of Motion to Dismiss (Doc. 16) is **denied as moot**.

Dated this 29th day of April, 2021.

Honorable Steven P. Logan
United States District Judge