1  ERICA K. ROCUSH, SB #021297
   Erica.Rocush@lewisbrisbois.com
2  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   Phoenix Plaza Tower II
3  2929 North Central Avenue, Suite 1700
   Phoenix, Arizona 85012-2761
4  Telephone: 602.385.1040
   Facsimile: 602.385.1051
5  Firm email: azdocketing@lewisbrisbois.com
   *Attorneys for Northeast Logistics, Inc.,*
6  *Arizona Logistics, Inc., BBB Logistics, Inc.,*
   *And Michigan Logistics, Inc.*

7

8                    UNITED STATES DISTRICT COURT

9                    DISTRICT OF ARIZONA, PHOENIX

| | |
|---|---|
| Hugo Jaime, Randall Gohn, and Robert Davis Jr., for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Parts Authority, LLC; Parts Authority, Inc.; Yaron Rosenthal; Northeast Logistics, Inc. d/b/a Diligent Delivery Systems, Arizona Logistics, Inc. d/b/a Diligent Delivery Systems; BBB Logistics, Inc. d/b/a Diligent Delivery Systems; Michigan Logistics, Inc. d/b/a Diligent Delivery Systems; Larry Browne; Does 1-20 d/b/a Diligent Delivery Systems, and Does 21-40,<br><br>Defendant. | Case No. 2:21-cv-00015-PHX-SPL<br><br>**NOTICE OF DECISION IN RELATED MATTER** |

Defendants Northeast Logistics, Inc., Arizona Logistics, Inc.; BBB Logistics, Inc., and Michigan Logistics, Inc. ("Diligent Defendants") herein provide notice that the Opinion and Order attached hereto as Exhibit 1 was entered in the United States District Court, Southern District of New York, Case No. 19 Civ. 10720 (LGS), *Henao et al. v. Parts Authority, LLC et al.* Diligent Defendants provide notice of the attached because they believe it may have a bearing on the motions pending before this court.

RESPECTFULLY SUBMITTED this 6th day of July, 2021.

/ / /

4850-5174-7057.1

**LEWIS BRISBOIS, BISGAARD & SMITH, LLP**

By  /s/ *Erica K. Rocush*
Erica K. Rocush
*Attorneys for Northeast Logistics, Inc., Arizona Logistics, Inc., BBB Logistics, Inc., and Michigan Logistics, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on July 6, 2021 I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF participants:

Sean J. O'Hara
KERCSMAR FELTUS & COLLINS PLLC
7150 East Camelback Road, Suite 285
Scottsdale, Arizona 85251
sjo@kflawaz.com
        and
Jeremiah Frei-Pearson (admitted *pro hac vice*)
Bradley F. Silverman (admitted *pro hac vice*)
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP
One North Broadway, Suite 900 White Plains, New York 10601
jfrei-pearson@fbfglaw.com
bsilverman@fbfglaw.com
        and
Mark Potashnick (admitted *pro hac vice*)
WEINHAUS & POTASHNICK
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
markp@wp-attorneys.com
*Attorneys for Plaintiffs*

Christopher M. Mason
JENNINGS, STROUSS & SALMON, P.L.C.
One East Washington Street, Suite 1900
Phoenix, Arizona 85004
cmason@jsslaw.com
*Attorneys for Defendant Larry Browne*

1  Michelle R. Matheson
   MATHESON & MATHESON, P.L.C.
2  15300 North 90th St., Suite 550
3  Scottsdale, Arizona 85260
   mmatheson@mathesonlegal.com
4  reception@mathesonlegal.com
   *Attorneys for Defendants Parts Authority, LLC,*
5  *Parts Authority, Inc., and Yaron Rosenthal*

6

7   /s/ Rena Crockett
   44194-03

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4850-5174-7057.1                                    3

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVIDSON HENAO, et al.,
                               Plaintiffs,

                           19 Civ. 10720 (LGS)

          -against-

                         **OPINION AND ORDER**

PARTS AUTHORITY, LLC, et al.,
                              Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs bring this action alleging violations of the Fair Labor Standards Act ("FLSA") and the wage laws of nine states and the District of Columbia. Plaintiffs assert their claims against eight named Defendants and forty unnamed Defendants. Three of the named Defendants, BBB Logistics, Inc., Arizona Logistics, Inc. and Larry Browne (the "Moving Defendants"), move to dismiss the Third Amended Complaint ("TAC") with prejudice for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Rule 12(b)(6). Browne also seeks dismissal for insufficient service of process under Rule 12(b)(5). For the reasons stated below, the motion is granted in part and denied in part.

**I.    BACKGROUND**

      The following facts are taken from the TAC and are assumed to be true for purposes of this motion. *See R.M. Bacon, LLC v. Saint-Gobain Performance Plastics Corp.*, 959 F.3d 509, 512 (2d Cir. 2020).

      Defendants Parts Authority, LLC, Parts Authority, Inc. and Yaron Rosenthal (collectively, "Parts Authority") own and operate a chain of approximately 200 automobile part sales and distribution stores in New York, Arizona, California, Florida, Georgia, Maryland, New Jersey, Ohio, Oregon, Pennsylvania, Texas, Virginia, Washington State and Washington, D.C. Parts

Authority stores engage delivery drivers through staffing agencies such as Defendants Northeast Logistics, Inc., Arizona Logistics, Inc., BBB Logistics, Inc., Michigan Logistics, Inc. and Does 1–20 doing business as "Diligent Delivery Systems" (collectively, with CEO Larry Browne, "Diligent").  Parts Authority also engages delivery drivers from unnamed delivery staffing companies Does 21–40.  The delivery drivers are classified as independent contractors and use their personal vehicles to deliver auto parts to customers.

Plaintiffs were all employed as delivery drivers at Parts Authority stores as follows: Davidson Henao worked in New York for approximately eight months in 2016; Miguel Mero worked in New York for approximately six months in 2016; Rasheem Martin worked in New York for approximately seven months in 2017; Shawn Williams worked in Maryland and Washington, D.C. from 2014 to 2019; and Omobowale Avoseh worked in Maryland for approximately seven months in 2017 and 2018.

Plaintiffs, in various combinations, raise claims as putative class members under numerous federal and state labor statutes.  The TAC alleges that Plaintiffs were misclassified as independent contractors when, in fact, they were employees of Parts Authority, Diligent or Does 21–40, which allegedly qualify as single or joint employers.  The TAC claims that, as employees, Plaintiffs were underpaid in two ways -- first, that Defendants did not pay Plaintiffs required overtime wages; and second, that Defendants violated minimum wage laws by (1) paying Plaintiffs insufficient hourly wages and (2) requiring Plaintiffs to supply their own vehicles for delivery while failing to reimburse them for associated costs, thus effectively reducing their wages below statutory minimums.  Plaintiffs also allege that Defendants failed to pay their New York delivery drivers "spread of hours pay" as required by the NYLL and did not provide accurate wage notices and statements in violation of the NYLL.

2

## II. STANDARD

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (internal quotations omitted). To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

### A. Personal Jurisdiction

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff "must make a prima facie showing that jurisdiction exists. Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendants." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81 (2d Cir. 2018) (alteration in original).

"[A] federal court applies the forum state's personal jurisdiction rules if the federal statute does not specifically provide for national service of process." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (internal quotation marks omitted); *accord Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 272 (S.D.N.Y. Oct. 25, 2019). "FLSA does not provide for nationwide service of process." *Id.* at 273 (collecting cases). As applicable here, under New York's long-arm statute, a court has specific jurisdiction "over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state," so long as the cause of action "aris[es] from" that transaction. CPLR § 302(a)(1). "[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (N.Y. 1988); *accord James v. iFinex Inc.* 127 N.Y.S.3d 456, 461 (1st Dep't 2020).

Additionally, a plaintiff must "demonstrate that the exercise of personal jurisdiction comports with due process." *Charles Schwab Corp.*, 883 F.3d at 82. First, "[w]here the claim arises out of, or relates to, the defendant's contacts with the forum — i.e., specific jurisdiction is asserted — minimum contacts necessary to support such jurisdiction exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Id.* (internal quotation marks omitted). "Second, once minimum contacts are established, a court considers those contacts in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Id.* (internal quotation marks omitted). Those factors include:

> (1) the burden that the exercise of jurisdiction will impose on the defendant;
> (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's

4

> interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 169 (2d Cir. 2015); *accord Ascento Capital, LLC v. MinervaWorks, LLC*, No. 20 Civ. 6195, 2021 WL 2206487, at *5 (S.D.N.Y. June 1, 2021).

### a. Personal Jurisdiction Over Defendants Arizona Logistics and BBB Logistics

The Court lacks personal jurisdiction over Defendants Arizona Logistics and BBB Logistics. Plaintiffs are incorrect that the Court has personal jurisdiction over Arizona Logistics and BBB Logistics solely because those two entities are part of a single integrated enterprise, other parts of which have contacts with New York. The TAC alleges that Arizona Logistics and BBB Logistics, along with other entities, are commonly owned and operated Texas corporations with their primary place of business at a common location in Houston, Texas, all doing business as "Diligent Delivery Systems." The TAC alleges that these entities are part of a single integrated enterprise and are joint employers, all ultimately owned and under the operational control of Defendant Browne, including as to wage and hour policies and practices. Defendant Browne resides in Houston, Texas. The TAC alleges that these entities provide staffing services to Parts Authority in thirteen states, including New York. It appears from their names in the TAC -- Arizona Logistics, BBB Logistics, Northeast Logistics, Inc. and Michigan Logistics, Inc. -- that the Diligent Delivery entities each provide staffing services to Parts Authority in separate states or geographic areas. Arizona Logistics and BBB Logistics are not alleged to have any contacts with New York. Assuming the TAC's allegations to be true, they are insufficient to confer personal jurisdiction over Arizona Logistics and BBB Logistics.

The cases holding that the single integrated enterprise theory is one of liability and not jurisdiction are persuasive. *See Mendez v. Pure Foods Mgmt. Grp.*, No. 14 Civ. 1515, 2016 WL 183473, at *6 (D. Conn. Jan. 14, 2016) (holding that "the slightly varying tests for employer liability or joint-employer liability under different statutes cannot alter the jurisdictional question, which should be the same regardless of the substantive basis for the claims"); *Tese-Milner v. DeBeers Centenary A.G.*, 613 F. Supp. 2d 404, 414 (S.D.N.Y. 2009) ("[T]he Court has not encountered, and Plaintiff does not offer any legal support for the concept that 'integrated enterprise' has any legal meaning for the purposes of the relevant personal jurisdiction law.").

As the Court in *Mendez* acknowledges, employing the single integrated enterprise theory for personal jurisdiction purposes is akin to arguing for veil piercing, but "attempting to avoid that high bar." 2016 WL 183473, at *6. Plaintiffs' memorandum of law in opposition to Defendants' motion to dismiss argued in favor of veil piercing as a basis for personal jurisdiction. After being provided the opportunity for limited jurisdictional discovery, Plaintiffs have abandoned their veil piercing arguments and instead focus solely on the similar, but looser, single integrated enterprise theory. In any event, the TAC is devoid of allegations sufficient to support a veil piercing theory of personal jurisdiction, and by abandoning their veil piercing arguments after conducting jurisdictional discovery, Plaintiffs appear to concede that veil piercing is not warranted here.

Plaintiffs rely on two cases for their argument that the existence of a single integrated enterprise is sufficient standing alone to find personal jurisdiction. Neither case is supportive. First, in *Xiaoyan Liu v. Canteen 82 Inc.*, the non-domiciliary defendants interacted with the New York-based plaintiffs and participated in the transfer of employees and materials in and out of New York, which provided a basis for finding specific jurisdiction over the non-domiciliary

6

defendants independent of the integrated enterprise theory. 2018 WL 6067228, at *2-5 (S.D.N.Y. Nov. 20, 2018); *see also Dong Chul Kim*, 425 F. Supp. 3d 246, 257-58 & n.3 (S.D.N.Y. 2019) (discussing the basis for finding specific personal jurisdiction over non-domiciliary defendants in *Xiaoyan Liu*). Second, in *Williams v. PMA Cos.*, the Court found that it had personal jurisdiction over a foreign parent entity because the actions of the parent's subsidiaries in New York could be imputed to it and the parent and its subsidiaries constitute a single employer.[1] 419 F. Supp. 3d 471, 484-85 (N.D.N.Y. 2019). *Williams* made clear that even where a plaintiff pleads the existence of a single integrated enterprise, "a plaintiff must show that the subsidiary is either an 'agent' or a 'mere department' of the parent corporation in order to exercise personal jurisdiction over the parent." 419 F. Supp. 3d at 485; *see also Kucher v. Domino's Pizza, Inc.*, No. 16 Civ. 2492, 2017 WL 2987214, at *11-13 (S.D.N.Y. Feb. 13, 2017) (holding that plaintiffs sufficiently alleged subsidiaries were a "mere department" of a parent entity subject to general jurisdiction in New York to warrant jurisdictional discovery); *FIMBank P.L.C. v. Woori Fin. Holdings Co.*, 962 N.Y.S.2d 114, 115-16 (1st Dep't 2013) (applying New York's mere department analysis when confronted with arguments that personal jurisdiction exists on the basis of a defendant's role in "a highly integrated enterprise"). Here, the TAC does not allege and Plaintiffs do not argue that any actions of Defendants subject to this Court's jurisdiction can be imputed to Arizona Logistics or BBB Logistics or that Arizona Logistics and BBB Logistics are a mere department of an entity subject to general jurisdiction in New York.

---

[1] The Court in *Williams* stated that it found personal jurisdiction existed "for the reasons stated in Plaintiff's opposition memorandum of law." 419 F. Supp. 3d at 484-85. The opposition memorandum argues that the subsidiaries' actions in New York should be imputed to the parent. Memorandum of Facts & Law in Support of Opposition to Motion to Dismiss at 2-4, *Williams v. PMA Cos.*, 419 F. Supp. 3d 471 (No. 19 Civ. 557).

Defendants Arizona Logistics and BBB Logistics are dismissed from the case with prejudice for lack of personal jurisdiction.

### b. Personal Jurisdiction Over Defendant Browne

The TAC alleges facts that satisfy the transacting business provision of New York's long-arm statute for exercising personal jurisdiction over Browne. "A non-domiciliary defendant transacts business in New York when on his or her own initiative, the non-domiciliary projects himself or herself into this state to engage in a sustained and substantial transaction of business." *D & R Glob. Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 78 N.E.3d 1172, 1175 (N.Y. 2017) (alterations and internal quotation marks omitted). "[U]nder New York law, if a corporation has sufficient in-state contacts to fall subject to personal jurisdiction, then a corporate officer who has played a part in the [corporate] activities that gave rise to the action is likewise subject to jurisdiction, to the extent that due process permits." *Aviles v. S&P Global, Inc.*, 380 F. Supp. 3d 221, 261 (S.D.N.Y. 2019) (internal quotation marks omitted); *see also Kreutter*, 71 N.Y.2d at 466-72. The TAC alleges that Browne negotiated the service contract (which restricted Plaintiffs' terms of employment) with a company based in New York, dictated conditions of Plaintiffs' employment in New York and approved fees charged to Diligent employees in connection with their employment. These transactions are at the root of Plaintiffs' claims that the conditions of their employment violated state and federal wage law.

Exercising personal jurisdiction over Browne comports with due process under the two factors relevant to that inquiry. First, the same facts that establish Browne transacted business in New York -- Browne's conduct in negotiating terms governing Plaintiffs' employment, role in setting the conditions of Plaintiffs' employment and approval of fees charged to employees -- constitute sufficient minimum contacts. *See Licci v. Lebanese Canadian Bank*, 732 F.3d 161,

8

170 (2d Cir. 2013) (noting that it would be "rare" and "unusual" to find a defendant transacted business in New York but that the due process requirements for personal jurisdictions are not satisfied); *Dareltech, LLC v. Xiaomi Inc.*, No. 18 Civ. 8729, 2019 WL 3287957, at *5 (S.D.N.Y. July 22, 2019).

Second, personal jurisdiction comports with fair play and substantial justice because Browne negotiated the contract that sets conditions for Plaintiffs' employment with New York-based Parts Authority and it is reasonable for him to be haled into court in New York based on the effects of that contract on New York employees of his companies. *See Olshan Frome Wolosky LLP v. Pantheon Envtl., LLC*, No. 20 Civ. 2415, 2020 WL 6382920, at *7 (S.D.N.Y. Oct. 30, 2020) (finding it comports with fair play and substantial justice to exercise personal jurisdiction where "it was reasonably foreseeable that [defendant] could be haled into court in New York if a dispute arose" (internal quotation marks omitted)). Additionally, all of the relevant fair play and substantial justice factors weigh in favor of exercising jurisdiction in New York because (1) the burden of litigating in New York for Browne is low given his ownership and operation of a nationwide enterprise, (2) New York has significant interest in adjudicating the rights of individuals employed in New York, (3) Plaintiffs have significant interest in obtaining convenient and effective relief, which would be inefficient if they are required to sue Parts Authority in New York and Browne in a separate forum, (4) resolution of the claims in New York would be the most efficient resolution because the majority of Plaintiffs were employed in New York and (5) the states have a shared interest in ensuring employers follow national and state wage law.

**B.     Service on Defendant Browne**

Browne argues that he was not properly served because service at his place of business is insufficient.  In response, Plaintiffs filed an additional affidavit of service stating that they mailed Browne a copy of the summons in addition to leaving it at his place of business.  Browne did not address this additional affidavit in his reply memorandum of law, and he now appears to concede that he was properly served.

In any event, service on Browne was proper under CPLR § 308(2), which permits service upon a natural person by both delivering a summons "to a person of suitable age and discretion at the actual place of business . . . of the person to be served and . . . mailing the summons to the person to be served at his or her last known residence . . . ."  Browne acknowledges that the summons was left at his place of business and Plaintiffs' uncontested affidavit states that the summons was mailed to Browne's residence.  Browne was properly served.

**C. Sufficiency of Claims Against Defendant Browne**

The TAC pleads sufficient facts to find that Browne was Plaintiffs' employer.  Browne's sole argument against the sufficiency of the TAC is that it does not allege facts adequate to support a finding that he was Plaintiffs' employer.

For an individual to be an employer under FLSA, that individual "must possess control over a company's actual 'operations' in a manner that related to plaintiff's employment," by impacting "workplace conditions and operations, personnel, or compensation." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013).  Nothing under FLSA "requires an individual to have been personally complicit in FLSA violations." *Id.* at 110.  To determine if an individual is an employer, courts examine an individual's general "authority over management, supervision, and oversight" of a company's affairs and the *Carter* framework. *Id.* at 111.  The *Carter*

framework looks at "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984); *accord Qiang Weng v. HungryPanda US, Inc.*, No. 19 Civ. 11882, 2021 WL 1750305, at *4 (S.D.N.Y. May 4, 2021).

The TAC sufficiently alleges that Browne is Plaintiffs' employer. The TAC alleges that Browne negotiated the contract and employee code of conduct that dictated the terms and conditions of Plaintiffs' work, approved administrative fees charged by the Diligent Delivery Systems entities, approved reimbursements for drivers, approved electronic devices utilized by drivers and maintained ultimate authority over the operations of the Diligent Delivery Systems entities. These alleged facts suggest that, at the least, Browne maintained management, supervision, and oversight over the Diligent Delivery Systems entities and that he meets two of the four *Carter* factors because he controlled employee work conditions of employment and could influence their rate of pay. These allegations are sufficient to plead that Browne is plaintiffs' employer. *See Irizarry*, 722 F.3d at 116-17 (finding the CEO of a grocery store chain was plaintiffs' employer under FLSA where he maintained management, supervision and oversight over the chain and met two of the four *Carter* factors).

Defendants' argument that the TAC's allegations against Browne are not plausible because he did not directly interact with Plaintiffs is ill-founded. The law does not require that an individual directly interact with employees to be considered their employer under FLSA. *Id.* at 116 (finding an individual CEO was an employer for FLSA purposes where there was no evidence "that he ever directly managed or otherwise interacted with the plaintiffs in this case").

11

It is entirely plausible that the CEO of a company providing staffing services is directly involved in setting the conditions that apply to those services, as the TAC here alleges.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The motion is granted as to Defendants Arizona Logistics Inc. and BBB Logistics Inc., which are dismissed from this case with prejudice. The motion is denied as to Defendant Browne.

The Clerk of Court is respectfully directed to close the motion at Docket No. 132.

Dated: July 1, 2021
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**LORNA G. SCHOFIELD**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**