Michelle R. Matheson #019568
Emily D. Armstrong, Of Counsel, #030082
**MATHESON & MATHESON, P.L.C.**
15300 North 90th Street
Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com
**E-Service:** reception@mathesonlegal.com
*Local Counsel for Defendant Parts Authority Authority, LLC, Parts Authority, Inc., and Yaron Rosenthal*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Hugo Jaime, Randall Gohn, and Robert Davis Jr., for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Parts Authority, LLC; Parts Authority, Inc.; Yaron Rosenthal; Northeast Logistics, Inc. d/b/a Diligent Delivery Systems; Arizona Logistics, Inc. d/b/a Diligent Delivery Systems; BBB Logistics, Inc. d/b/a Diligent Delivery Systems; Michigan Logistics, Inc. d/b/a Diligent Delivery Systems; Larry Browne; Does 1-20 d/b/a Diligent Delivery Systems, and Does 21-40;<br><br>Defendants. | Case No.: 2:21-cv-00015-SPL<br><br>**DEFENDANT YARON ROSENTHAL'S MOTION FOR RECONSIDERATION OF THIS COURT'S JULY 2, 2021 ORDER** |

## INTRODUCTION

Pursuant to local rule 7.2(g), Defendant Yaron Rosenthal hereby moves for this Court to reconsider its July 2, 2021 Order (Docket 48) denying Mr. Rosenthal's March 3, 2021 motion to dismiss (Docket 17) on the grounds that he filed a previous and separate motion to dismiss via the Diligent Entity Defendants' (Arizona Logistics Incorporated, BBB Logistics Incorporated, Michigan Logistics Incorporated, and Northeast Logistics Incorporated) February 26, 2021 motion to dismiss (Docket 15, the "First Motion"). Mr. Rosenthal did not participate in the First Motion. His attorneys did not authorize the First Motion to be made on his behalf. And the Diligent Entity Defendants had no ability or authority to include Mr. Rosenthal in their First Motion. The docket and motions make it abundantly clear that Mr. Rosenthal did not participate in the First Motion. His counsel carefully crafted his own personal jurisdiction motion and once that was filed, joined in the First Motion. For these reasons, manifest error and injustice would result if this Court does not reconsider its ruling.

## BACKGROUND

Plaintiffs filed their original complaint in this matter on January 5, 2021 against the following entities: Parts Authority, LLC, Parts Authority, Inc., Yaron Rosenthal, Northeast Logistics, Inc., Arizona Logistics, Inc., BBB Logistics, Inc., Michigan Logistics, Inc., and Larry Browne. Docket Entry 1. On January 29, 2021, Michelle Matheson and later Emily Armstrong appeared on behalf of Parts Authority, LLC, Parts Authority, Inc., and Yaron Rosenthal. Dockets 11, 17-18. On February 2, 2021, this Court ruled that Defendants had until March 3, 2021, to file an answer to the Complaint and otherwise respond as provided by Rule 12 of the Federal Rules of Civil Procedure. Docket Entry 13. On February 26, 2021, Defendants Arizona Logistics Incorporated, BBB Logistics Incorporated, Michigan Logistics Incorporated, and Northeast Logistics Incorporated (the "Diligent Entity Defendants") filed the First Motion. Docket Entry 15. The docket reflects this was not filed on behalf of Mr. Rosenthal or the Parts Authority Defendants. The Diligent Entity

Defendants are and were represented by Erica Rocush of Lewis Brisbois Bisgaard & Smith LLP. See docket. Neither Yaron Rosenthal nor his counsel filed the First Motion, drafted the First Motion, or gave the Diligent Entity Defendants authority to file the First Motion on Yaron Rosenthal's or Parts Authority's behalf. Docket Entry 15; (Declaration of Emily Armstrong, Exhibit 1 hereto, ¶¶ 3-6); (Declaration of Erica Rocush, Exhibit 2 hereto, ¶¶ 4-6). The Diligent Entity Defendants and their counsel had no authority to bind Mr. Rosenthal to this filing. (Exhibit 1, p.2, ¶¶ 3,6); (Exhibit 2, p. 2, ¶¶ 5-6). On March 3, 2021, pursuant to this Court's order, Yaron Rosenthal, for the first time, filed his response to Plaintiff's Complaint. Docket 17. He moved to dismiss the Complaint for lack of personal jurisdiction under Rule 12(b)(2). Thereafter, the Parts Authority Defendants (Parts Authority, LLC and Parts Authority, Inc.) and Yaron Rosenthal, joined in the First Motion. Docket 18.

Mr. Rosenthal's procedure was well thought out and in perfect compliance with Rule 12. He did not participate in the First Motion, as the Diligent Entity Defendants were advised (and indeed noted) that Mr. Rosenthal planned on filing his own, separate motion to dismiss due to the fact that this Court has no personal jurisdiction over him. Docket 16, p. 2. The Diligent Defendants advised the Court in their Stay motion on February 26, 2021 (Docket 16) that they understood that Yaron Rosenthal would be filing his own motion.

Rather than respond to the motions, on March 18, 2021, Plaintiffs requested leave to file an Amended Complaint. Docket 24. This Court granted Plaintiffs' motion and on May 3, 2021, Plaintiffs filed their Amended Complaint. Docket 36. This Court also ordered that Plaintiffs needed to file responses to the pending Motions to Dismiss (Docs. 15 , 17 , 19 ) no later than 6/1/21. Docket 35. No mention was made of any incorrect procedure or Mr. Rosenthal would have appropriately corrected the issue in a new response to the Amended Complaint. The Plaintiffs responded on that day. Docket Entries 38-41. The Plaintiffs did **not** take issue with the succession of the separate motions to dismiss, because they could not. None of the parties or attorneys who have appeared in this case took issue with this procedure.

1 Mr. Rosenthal timely filed his reply in support of his motion to dismiss for lack of personal jurisdiction, confirming that jurisdiction does not exist over him in Arizona. Docket 47.

On July 2, 2021 (Docket 48), this Court denied Mr. Rosenthal's March 3, 2021 motion to dismiss (Docket 17) on the grounds that he filed the First Motion. As described above, that is incorrect and would result in manifest error and injustice. Mr. Rosenthal thus requests that this Court reconsider that ruling.

## **LEGAL ANALYSIS**

Under Federal Rule of Civil Procedure 12(g)(2), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Mr. Rosenthal's motion was filed on March 3, 2021. He was not a party to the First Motion (Docket 15); he joined the request for relief only after he filed his motion on March 3, 2021. While the Diligent Entity Defendants may have used some overly inclusive language – "all Defendants" – it is clear that not "all" of the Defendants participated in the First Motion and what was meant was "all Defendants" represented by Diligent counsel, i.e., the Diligent Defendants only. As confirmed by the First Motion and docket itself, only the Diligent Entity Defendants made that motion, and were informed of Mr. Rosenthal's intent to file his own motion to dismiss on separate grounds. If there is any doubt in the Court's mind, a simple amendment to the First Motion by the Diligent Entity Defendants could also cure the defect. Mr. Rosenthal has no authority to amend a motion he did not file.

Mr. Rosenthal's procedural posturing was quite intentional. He first filed his own motion to dismiss. Docket 17. He then "joined" the First Motion. Docket 18. A joinder would have been completely unnecessary if he participated in the First Motion. He did not.

Rule 12(g)(1) of the Federal Rules of Civil Procedure provides that "A motion made under [Rule 12] may be joined with any other motion allowed by [Rule 12]." Mr.

Rosenthal's filing of his own motion, and then a joinder, was and is the proper procedural vehicle in this instance. *E.g. Hobart Corp. v. Dayton Power & Light Co.*, 997 F. Supp. 2d 835, 851 n.5 (S.D. Ohio 2014) ("Prior to filing its own motion to dismiss the migration portion of the § 107(a) claim, DP&L joined the "Certain Defendants' Motion to Dismiss," Doc. #100. Plaintiffs argue that Federal Rule of Civil Procedure 12(g)(2) prohibits DP&L from filing successive motions to dismiss. Under the circumstances presented here, DP&L's conduct does not run afoul of Rule 12(g)(2). For the sake of judicial economy, it made sense for DP&L to join the other defendants in asserting common arguments, and to file a separate motion to dismiss based on arguments unique to DP&L"). Indeed, this is a common practice in this Court. *See Cervantes et al v. Countrywide Home Loans, Inc. et al.*, Case No. 2:09-cv-00517-JAT (D. Ariz.), docket entries 128 through 130, and the Court's order at *Cervantes v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 87997, at *29-30 (D. Ariz. Sep. 23, 2009) ("In their seventh claim for relief, Plaintiffs assert that the various named Defendants that are members of the MERS system, conspired to commit fraud through the MERS system. In response, Defendants filed several motions to dismiss raising similar arguments under Rules 9(b) and 12(b)(6), as well as joining in the motions to dismiss of other named Defendants").

## CONCLUSION

Given the foregoing, manifest error and injustice would result if this Court did not entertain Mr. Rosenthal's meritorious motion to dismiss, based on the interpretation of an ambiguous phrase of an attorney who does not represent him. Decisively, Rule 12 does not support such a result. Mr. Rosenthal thus requests this Court grant this Motion for Reconsideration.

DATED this 16th day of July 2021.

**MATHESON & MATHESON, P.L.C.**

By: /s/ Emily D. Armstrong
*Counsel for Defendant Parts Authority*

**CERTIFICATE OF SERVICE**

☒    I hereby certify that on <u>July 16, 2021,</u> I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**KERCSMAR & FELTUS PLLC**
Sean J. O'Hara
sjo@kflawaz.com


**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
Jeremiah Frei-Pearson
Bradley F. Silverman
Andrew C. White
jfrei-pearson@fbfglaw.com
bsilverman@fbfglaw.com
awhite@fbfglaw.com

**WEINHAUS & POTASHNICK**
Mark Potashnick
markp@wp-attorneys.com

*Attorneys for Plaintiffs Hugo Jamie, Randall Gohn,*

Christopher M. Mason
**JENNINGS, STROUSS & SALMON, P.L.C.**
One E. Washington St., Ste. 1900
Phoenix, AZ 85004
cmason@jsslaw.com
*Attorneys for Larry Browne*

Erica K. Rocush
**LEWIS BRISBOI BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 N. Central Ave., Ste. 1700
Phoenix, AZ 85012-2761
Erica.Rocush@lewisbrisbois.com
*Attorneys for Diligent Defendants*

  /s Christina Hackett